IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUYRI PATRICK,** | : | CIVIL ACTION NO. 1:23-CV-695 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN WERTZMAN,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Quyri Patrick, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him earned time credits pursuant to the First Step Act. We will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.     Factual Background & Procedural History**

Patrick is currently incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a 48-month sentence imposed by the United States District Court for the Eastern District of North Carolina for possession of a firearm by a convicted felon and possession with intent to distribute marijuana. (Doc. 7-1 at 1). He filed the instant petition on April 11, 2023, and the court received and docketed the petition on April 27, 2023. (Doc. 1 at 9). Patrick asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.) He argues that exhaustion of administrative remedies is futile. (Id. at 6).

Respondent responded to the petition on June 6, 2023, arguing that the petition should be dismissed for failure to exhaust administrative remedies or alternatively denied on its merits. (Doc. 7). Patrick did not file a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

**II.     Discussion**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and— ultimately—final appeal to the general counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is

2

exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Patrick's petition should be dismissed for failure to exhaust because he has not filed any administrative remedy requests related to the FSA in his time in BOP custody. (Doc. 7 at 3-7). Respondent attaches a declaration from Jennifer Knepper, an attorney employed at USP-Lewisburg, to support this argument. (Doc. 7-1 at 1-2). Knepper confirms that Patrick has not filed any administrative remedy requests related to the FSA. (Id.)

Patrick has not replied to respondent's exhaustion argument, but he argues in his petition that exhaustion should be excused as futile. (Doc. 1 at 6). He asserts that it is "virtually certain that his claim will be rejected by the BOP upon further administrative review." (Id.) According to Patrick, "no timely responses," "never seeing your unit manager," and the absence of counselors are "tactics" that the BOP uses to "implement the rules of the BOP and [not give] you the opportunity to address issues through administrative channels." (Id.)

We are unpersuaded by Patrick's argument. Petitioners who have not attempted to exhaust administrative remedies cannot bypass the exhaustion requirement simply by invoking their own "preconceived notion" that the BOP will deny relief. Garcia v. United States, 518 F. App'x 78, 79 (3d Cir. 2013)

(nonprecedential);[1] see also Lindsay v. Williamson, 271 F. App'x 158, 159 (3d Cir. 2008) (nonprecedential) (noting that petitioner's "speculation" that the BOP would deny relief was not sufficient to excuse exhaustion). Patrick argues it is "virtually certain" that the BOP will deny relief if he files an administrative remedy request, (see Doc. 1 at 6), but the record reflects that he has not attempted to file any requests to assert his claims (see Doc. 7-1 at 1-2). Patrick's unsupported speculation and preconceived notions of how the BOP will rule on an as-yet unfiled administrative request are not sufficient to excuse exhaustion of administrative remedies. Garcia, 518 F. App'x at 79; Lindsay, 271 F. App'x at 159.

Similarly, Patrick's conclusory and unsupported assertions that the BOP uses "tactics" to deny administrative relief are not sufficient to excuse exhaustion because he does not explain how these "tactics" hinder his ability to exhaust administrative remedies. It is not clear how the supposed absence of a unit manager or counselor would impact an inmate's ability to exhaust administrative remedies. And although the BOP failing to provide a timely response could excuse exhaustion in some circumstances, there is no indication in the record that the BOP has failed to provide a timely response to any request filed by Patrick—as noted above, the record reflects that Patrick has not filed any administrative remedy requests to assert his claims. Hence, we reject Patrick's argument that exhaustion

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

should be excused as futile and conclude that he failed to exhaust administrative remedies.

### III.   Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 22, 2023